# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Qu' Shun Harris,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:25-cv-01870-ADA-SH** |
| | § | |
| **The City of Round Rock Police** | § | |
| **Department, Grayson Beck Dzialo,** | § | |
| **Dillon Joseph Rizzo, Timothy John** | § | |
| **Juhlke, Debbie Bruce Juhlke, Jonathan** | § | |
| **Lamont Bryan, Shawn Dick, and Jo** | § | |
| **Poenitzsch,** | § | |
| *Defendants* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ALAN D ALBRIGHT
       UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Qu' Shun Harris' Complaint (Dkt. 1), Motion to Proceed in

District Court Without Prepaying Fees or Costs, (Dkt. 2), and Application for Permission to File

Electronically (Dkt. 3), all filed November 19, 2025.[1]

## I.   Application to Proceed *In Forma Pauperis*

Harris seeks leave under 28 U.S.C. § 1915(a)(1) to file his Complaint without having to prepay

the filing fee or costs. Dkt. 2. Under § 1915(a)(1), a court may permit a plaintiff to file an action

"without prepayment of fees or security therefor" if he shows by affidavit that he cannot pay such

fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who

lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 4.

1

(5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.*

After reviewing his application, the Court finds that Harris cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** Harris *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs. This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or if, under § 1915(e)(2), the action is found to be frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against an immune defendant. The Court also may impose costs of court against Harris at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.    Frivolousness Review Under Section 1915(e)(2)

Because Harris has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his complaint under § 1915(e)(2). A district court shall dismiss a complaint filed *in forma pauperis* if it determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court liberally construes the pleadings of litigants who, like Harris, proceed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). While *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972),

a plaintiff's *pro se* status offers "no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Harris was the defendant in a criminal proceeding in Williamson County, Texas for assault causing bodily injury. *State v. Harris*, No. 23-01379-5 (Williamson Co. Ct. at Law No. 5, May 23, 2024). He brings civil rights claims under 42 U.S.C. § 1983 against the Round Rock Police Department, Round Rock police officers Grayson Dzialo and Dillion Rizzo, three civilians who made incident reports to police, and attorneys Shawn Dick and Jo Poenitzsch. Dkt. 1 at 2-4. Harris alleges that he was unlawfully searched, arrested, and detained and maliciously prosecuted, and that the defendants conspired to deprive him of his constitutional rights. *Id.* at 6-7. He alleges that the Round Rock Police department is liable under the *Monell* doctrine and also brings a common law claim for intentional infliction of psychological distress by the prosecution. *Id.* at 7-8.

Harris' claims arise from a state criminal proceeding and are subject to the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). Under that doctrine, federal district courts lack jurisdiction to entertain collateral attacks on state court judgments.

> Constitutional questions arising in state proceedings are to be resolved by the state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

*Oliver v. Tibbe*, No. 1:25-CV-00266-RP-SH, 2025 WL 1087074, at *3 (W.D. Tex. Mar. 7, 2025), *R. & R. adopted*, 2025 WL 1081365 (W.D. Tex. Apr. 10, 2025) (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)). This Court lacks jurisdiction to review Harris' collateral attack on a state court judgment. *Id.* (citing *Hill v. Washburne*, 953 F.3d 296, 306 (5th Cir. 2020)).

3

Invocation of the U.S. Constitution does not save Harris' suit from dismissal under the *Rooker-Feldman* doctrine. District courts lack original jurisdiction when a civil rights suit is "inextricably intertwined" with a state court judgment such that the suit essentially is an attack on that judgment. *Id.* (citing *Liedtke*, 18 F.3d at 317 n.11 (collecting cases)). Whether Harris was deprived of any rights depends solely on legal issues already decided by the state courts. Because this Court would have to contradict state court judgments to find in his favor, his lawsuit is inextricably intertwined with those judgments and the Court lacks jurisdiction to hear it. *Id.* (citing *Phinizy v. State of Ala.*, 847 F.2d 282, 282 (5th Cir. 1988)).

This Magistrate Judge recommends that the District Court dismiss this suit dismissed under § 1915(e)(2) because the *Rooker-Feldman* doctrine bars Harris' claims.

### III.    Application for Permission to File Electronically

Harris also asks the Court to approve his request to become an electronic filing user. Because Harris states that he has regular access to all the technical requirements necessary to e-file successfully, the Court **GRANTS** his Application for Permission to File Electronically (Dkt. 3).

### IV.    Order and Recommendation

The Court **GRANTS** Plaintiff Harris' Motion to Proceed *In Forma Pauperis* (Dkt. 2) and Application for Permission to File Electronically (Dkt. 3).

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS with prejudice** Harris' claims as frivolous under 28 U.S.C. § 1915(e)(2).

The Court **FURTHER ORDERS** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Alan D Albright.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 29, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE